# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | |
|---|---|
| JULIA TURNER SCRUGGS, ET AL. | CIVIL ACTION NO. 05-0626 |
| VERSUS | JUDGE ROBERT G. JAMES |
| CENTRAL PETROLEUM, INC., ET AL. | MAG. JUDGE JAMES D. KIRK |

## RULING

Pending before the Court is a Motion to Dismiss Without Prejudice [Doc. No. 28] filed by Plaintiffs in this matter. Because Defendants have filed a responsive pleading, Plaintiffs can dismiss their lawsuit without prejudice only with leave of Court. *See* Fed. R. Civ. P. 41(a)(2). For the following reasons, Plaintiffs' Motion to Dismiss Without Prejudice is GRANTED.

Pursuant to Rule 41(a)(2), "an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." "Voluntary dismissal under Rule 41(a)(2) is a matter within the sound discretion of the district court." *Templeton v. Nedlloyd Lines*, 901 F.2d 1273, 1274 (5th Cir. 1990). The principles guiding the Court's discretion are well settled:

> "The purpose of Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions. Accordingly the courts have generally followed the traditional principle that dismissal should be allowed unless the defendant will suffer some plain legal prejudice other than the mere prospect of a second lawsuit. It is not a bar to dismissal that plaintiff may obtain some tactical advantage thereby.

*Manshack v. Southwestern Elec. Power Co.*, 915 F.2d 172, 174 (5th Cir. 1990) (quoting 9 C.

Wright & A. Miller, FEDERAL PRAC. AND PROC. § 2364, at 165 (1971) (internal quotation marks omitted).

In this case, Plaintiffs filed a lawsuit in Second Judicial District Court, Jackson Parish, Louisiana, on February 2, 2005, alleging that Defendants improperly obtained mineral leases to certain property located in Jackson Parish.

On April 8, 2005, Defendants removed the case to this Court on the basis of diversity jurisdiction.

On May 6, 2005, Plaintiffs filed a Motion to Remand, asserting that none of their claims exceed $75,000; therefore, the Court does not have diversity jurisdiction. Defendants submitted a brief in opposition to the Motion to Remand. On June 9, 2005, Magistrate Judge James D. Kirk issued a Report and Recommendation in which he recommended that Plaintiffs' Motion to Remand be denied.

In objections to the Report and Recommendation, filed on June 22, 2005, Plaintiffs contend that none of their claims meet the jurisdictional amount and submit the affidavit of Robert Curry, an attorney with oil and gas expertise.

In response, on June 30, 2005, Defendants filed a memorandum in which they state that Mr. Curry's valuation is "incomplete" because a number of producing wells were not included in his valuation.

The Court then issued a Minute Entry requiring Plaintiffs to respond to Defendants' June 30, 2005 memorandum. Plaintiffs responded by submitting a supplemental affidavit from Mr. Curry, again contending that their claims do not meet the jurisdictional amount. Defendants then filed a supplemental brief on this issue with an additional affidavit, again contending that the

claims of some of the Plaintiffs exceed the jurisdictional amount.

In the meantime, on August 9, 2005, Plaintiffs filed this Motion to Dismiss Without Prejudice. Plaintiffs point out that Anadarko Petroleum Corporation filed a concursus proceeding in Second Judicial Court, Jackson Parish, Louisiana on April 14, 2005, and that all parties to this lawsuit are defendants in the concursus proceeding. (Although it does not indicate when the Anadarko petition was served, all defendants in that suit filed answers in June 2005). Plaintiffs contend that dismissal will not prejudice Defendants, that the state court lawsuit involves the same parties and issues, and that dismissal will eliminate the possibility of inconsistent judgments.

Defendants oppose the Motion to Dismiss. They contend that Plaintiffs are using Rule 41(a)(2) to avoid the unfavorable result recommended by the Magistrate Judge on their Motion to Remand and that granting of the Motion to Dismiss means that Plaintiffs' attempt to "forum shop will be successful." Defendants assert that the two lawsuits involve different issues because the state court suit is concerned "with the interpretation of various royalty deeds executed by Plaintiffs in favor of [Defendant] Central Petroleum, Inc." Defendants further argue that there is no likelihood of inconsistent judgments because the state court suit would be stayed or held in abeyance until the outcome of this federal lawsuit.

The Court has considered the arguments of the parties and the status of the lawsuit and concludes that dismissal without prejudice is appropriate. Contrary to Defendants' contentions, they do not have an unfettered right to a federal forum. If the case is dismissed and then re-filed in state court, Defendants will not suffer any prejudice under the substantive law. In fact, Defendants will then have a state court applying the same state law that would have been applied

by this Court. *See Templeton*, 901 F.2d at 1276 ("The fact that [defendant] faces the prospect of trial in state court is also insufficient to demonstrate legal prejudice. . . . While defendant's choice of forum is an important factor to be considered by the district court, its loss does not automatically create abuse of discretion.").

Further, this case is in the early stages of litigation. Because of the pending Motion to Remand, under Federal Rules of Civil Procedure 26, no discovery should have been conducted unless both parties consented.

Additionally, Defendants' contention that they cannot now remove the concursus proceeding to federal court ignores the fact that nothing prevented them from removing that action within the time allowed.

Finally, the Court notes that, with regard to the Motion to Remand, even under the well-reasoned Report and Recommendation authored by the Magistrate Judge, it appears that some of Plaintiffs cannot meet the jurisdictional amount. Therefore, given the facts that there is one forum available to all parties, that a separate concursus proceeding is already being litigated in that forum, and that this case is in the early stages of litigation, the Court hereby GRANTS Plaintiffs' Motion to Dismiss Without Prejudice. All remaining motions are DENIED AS MOOT.

Monroe, Louisiana, this 30th day of August, 2005.

ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE